Parker v. Bernard and others.

---

EDWARD E. PARKER *v.* HONORE FRANÇOIS XAVIER BERNARD and others.

A general allegation of demand of payment previous to the inception of suit on a promissory note, is sufficient to authorize proof of demand at the place of payment mentioned in the note.

Partial payments on a note interrupt prescription, C. C. 3486.

APPEAL by the defendants and intervenor from a judgment of the District Court of St. Mary, *Boyce,* J.

*I. E. Morse* and *Nicholls,* for the plaintiff.

*Maskell* and *Lewis,* for the appellants.

BULLARD, J. This is an action against the drawers of a promissory note made payable at the Canal Bank in New Orleans, which fell due on the 4th of March, 1836, but upon which sundry partial payments were afterwards made. The last payment was in December, 1840.

The defendants excepted to the petition, on the ground that it was not alleged that payment had been demanded at the place indicated in the note. The record does not inform us whether the exception was formally overruled, but an answer was afterwards filed to the merits, and on the trial the plaintiff offered a notarial protest of the note. The introduction of the protest, showing a demand at the Canal Bank, according to the tenor of the note, was opposed on the ground, that no such demand was alleged in the petition. It was, however, admitted by the judge, who was of opinion that a general allegation of demand previous to the inception of the suit, was sufficient to authorize proof of demand at the place of payment. In this we concur with the court below, and think the protest properly admitted.

It appears that the payment of the note was secured by mortgage, and Fusilier, who, in the mean time, had purchased the mortgaged premises with a right of redemption reserved to the vendors, intervened in this suit, and pleaded that the note sued on had been prescribed, more than five years having elapsed since its maturity. This plea was properly overruled. The

partial payments made upon the note within the last three or four years, and proved on the trial, clearly interrupted the prescription. Civil Code, art. 3486.

*Judgment affirmed.*